**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRON NYGENE HART, | No. 21-16802 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-04331-EJD |
| v. | |
| T. FOSS, Chief Deputy Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SCOTT KERNAN, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

California state prisoner Darron Nygene Hart appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging unsafe conditions of confinement and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). We affirm.

In his opening brief, Hart fails to address the district court's basis for its summary judgment ruling on his medical deliberate indifference claim and has therefore waived any challenge to that aspect of the district court's order. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court properly dismissed Hart's conditions-of-confinement claim because Hart failed to allege facts sufficient to show that his cell conditions "result[ed] in the denial of the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation and internal quotation marks omitted); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *LeMaire v. Maass*, 12 F.3d 1444,

1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." (citation and internal quotation marks omitted)). Contrary to Hart's contention, the district court did not mischaracterize his conditions-of-confinement claim.

The district court did not abuse its discretion in denying Hart's motion for reconsideration because Hart failed to provide a valid ground for reconsideration. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59).

Hart's motion to accept this appeal and make copies (Docket Entry No. 3) is granted to the extent he requests copies of the documents submitted with the motion. The Clerk is directed to mail Hart copies of the documents submitted with Docket Entry No. 3.

**AFFIRMED.**